# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>            Plaintiff,<br><br>     v.<br><br>STEVEN CAMBRA, JR., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:02-CV-5646-AWI-SMS-P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 53)<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO RE-ATTEMPT SERVICE WITHOUT PREPAYMENT OF COSTS |

Plaintiff Randall E. Ellis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 20, 2004, the court directed the United States Marshal to initiate service of process on defendants Cambra, Gomez, Terhune, Drew, Van Zant, Galaza, Meske, Keller, Andrews, and Bendon. (Doc. 30.) The Marshal was unable to locate defendants Keller and Van Zant. (Docs. 43, 44.) On January 12, 2005, the court ordered plaintiff to show cause why defendants Keller and Van Zant should not be dismissed from this action. (Doc. 53.) Plaintiff filed a response on February 14, 2005. (Doc. 54.)

The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal to date by the CDC is insufficient to allow the court to discharge this duty on the ground that defendant Van Zant cannot be located.[1] 28 U.S.C. 1915(d); Fed. R. Civ.

---

[1] In a Finding and Recommendations issued concurrently with this order, the court recommended that defendant Keller be dismissed from this action, based on the court's finding that plaintiff failed to exhaust certain claims and no unexhausted claims remained against Keller. 42 U.S.C. § 1997e(a). Therefore, re-service on defendant Keller is unnecessary at this juncture.

1

P. 4(c)(2). For this reason, the court must direct the Marshal to re-attempt service on defendant Van Zandt. **If the institution is unable to locate this defendant, the Marshal shall contact the Legal Affairs Division and request the assistance of a special investigator.**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause filed on January 12, 2005, is discharged.
2. The Clerk of the Court is directed to forward the following documents to the United States Marshal:
    (1) One completed and issued summons for <u>each</u> defendant to be served;
    (2) One completed USM-285 form for <u>each</u> defendant to be served;
    (3) One copy of the third amended complaint filed on January 5, 2004 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;
    (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and
    (5) One copy of the court's consent form for <u>each</u> defendant to be served;
3. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **R. D. VAN ZANDT, Badge # 18142**

4. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.
5. The United States Marshal shall file the returned waiver of service, or the request for waiver if it is returned as undelivered, as soon as it is received.
6. **In attempting to locate defendant, if the institution is unable to provide assistance, the Marshal shall contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.**
7. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

        a.      Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

        b.      Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

8.    In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

9.    In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:**   **August 30, 2005**           /s/ Sandra M. Snyder
i0d3h8                                      UNITED STATES MAGISTRATE JUDGE