# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS, | CASE NO. 1:02-CV-05646-AWI-SMS-P |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED HEREIN, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| STEVEN CAMBRA, JR., et al., | |
| Defendants. | (Docs. 56 and 61) |
| | ORDER REQUIRING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS |
| | (Doc. 22) |

Plaintiff Randall E. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 31, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. After obtaining an extension of time, Plaintiff filed an objection to the Findings and Recommendations on November 16, 2005.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The Findings and Recommendations shall be modified only with respect to the claims against Defendant Drew. In his opposition to Defendants' motion to dismiss, Plaintiff provided only the Director's Level response to inmate appeal log number PBSP-D-00-00626, dated March 21, 2001. (Opp., Exhibit H.) In his objection, Plaintiff provides the complete appeal. (Obj., Exhibit A.) Based on the complete appeal, the court finds that Plaintiff adequately exhausted his claims against Defendant Drew.

The court notes that in his objections, Plaintiff argues that he participated in a group appeal regarding the issues pertaining to the SHU, which the Magistrate Judge found unexhausted. Plaintiff states that proof of exhaustion is in the hands of his former co-plaintiff and argues that he should be allowed time to obtain this proof from the former co-plaintiff. The court has reviewed the docket of the pending case brought by Plaintiff's former co-plaintiff, Joseph Paez v. Steven Cambra, Jr., et al., CV F 02-556 AWI SMS P, and evidence regarding a group appeal has not been filed in that action. The pending motion to dismiss was filed on April 1, 2005. Plaintiff has been on notice for almost a year that he needed to obtain and provide the court will all relevant evidence regarding exhaustion. Thus, the court will not delay ruling on the motion to dismiss any longer to allow Plaintiff time to find more evidence. However, in the interests of justice, if Plaintiff obtains information regarding exhaustion in the near future, Plaintiff may file a motion for leave to amend the complaint to contain exhausted claims that have been dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 31, 2005, is adopted in full with exception to the claims against Defendant Drew;
2. Defendants Cambra, Gomez, Terhune, Drew, Galaza, Meske, Andrews, and Bendon's unenumerated Rule 12(b) motion, filed April 1, 2005, is GRANTED IN

PART and DENIED IN PART as follows:

    a. Plaintiff's Eighth Amendment claim based on constant illumination in the Security Housing Unit (SHU) against Defendants Galaza, Meske, Keller, and Andrews; equal protection claim based on constant illumination in the SHU against Defendants Galaza, Meske, Keller, and Andrews; Eighth Amendment claim based on inadequate outdoor exercise against Defendants Cambra, Galaza, Meske, Keller, and Andrews; Eighth Amendment claim based on inadequate clothing in the winter months against Defendants Cambra, Galaza, Meske, and Andrews; Eighth Amendment claim based on unsanitary conditions in the SHU against Defendants Galaza and Andrews; Eighth Amendment claim based on lack of adequate hygiene supplies against Defendants Cambra, Galaza, Meske, and Andrews; Eighth Amendment claim based on inadequate laundry exchanges against Defendants Galaza and Andrews; due process claim for deprivation of property against Defendant Galaza; Eighth Amendment medical care claim against Defendants Galaza and Bendon based on the failure to provide medically indicated footwear; due process claims based premised on policies enacted by Defendants Cambra, Gomez, and Terhune governing gang validation and review procedures that deprive Plaintiff of meaningful reviews and subject him to an indeterminate SHU term which affects his parole suitability; and *ex post facto* claim against Defendants Cambra, Gomez, and Terhune are DISMISSED from this action, without prejudice, for failure to exhaust the available administrative remedies; and

    b. Defendants Cambra, Gomez, Terhune, Meske, Keller, and Andrews are dismissed from this action, as no claims remain pending against them;

3. This action shall proceed only on Plaintiff's Eighth Amendment medical care claim against Defendants Galaza and Bendon based on the discontinuation of Plaintiff's skin treatment plan, retaliation claim against Defendant Van Zant, and

1      due process, equal protection, and retaliation claims against Defendant Drew; and

2    4.   Defendants Drew, Galaza, and Bendon shall file a response to Plaintiff's third

3      amended complaint within **thirty (30) days** from the date of service of this order.[1]

IT IS SO ORDERED.

**Dated:   March 3, 2006**                    /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE

---

[1] Defendant Van Zandt recently waived service of the summons. (Doc. 70.) His response to Plaintiff's third amended complaint is due on or before April 10, 2006.

4