# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN CAMBRA, JR., et al.,<br><br>    Defendants. | CASE NO. 1:02-CV-05646-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND PLAINTIFF'S CLAIMS AGAINST DEFENDANTS GALAZA, BENDON, AND VAN ZANT BE DISMISSED FOR FAILURE TO EXHAUST<br><br>(Doc. 73) |

I.  Defendants' Motion to Dismiss

    A.  Procedural History

Plaintiff Randall E. Ellis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed January 5, 2004, on plaintiff's Eighth Amendment medical care claim against defendants Galaza and Bendon based on the discontinuation of plaintiff's skin treatment plan, plaintiff's retaliation claim against defendant Van Zant, and plaintiff's due process, equal protection, and retaliation claims against defendant Drew.[1] (Doc. 72.) On March 27, 2006, pursuant to Federal Rule of Civil Procedure 12(b), defendants Galaza, Bendon, Van Zant, and Drew ("defendants") filed a motion to dismiss on the grounds that plaintiff failed to exhaust the available administrative remedies and that plaintiff's claim against defendant Van Zant is barred by the statute

---

[1] Van Zant is identified as Van Zandt in the waiver of service of summons. (Doc. 70.)

1

of limitations.² (Doc. 73.)  Plaintiff filed an opposition to the motion on April 26, 2006, and defendants filed a reply on May 8, 2006.³ (Docs. 75, 77.)

      B.      <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, <u>Ngo v. Woodford</u>, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," <u>id</u>. at 2382. Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court

///

---

² Defendants Cambra, Gomez, Terhune, Meske, Keller, and Andrews were dismissed from this action on March 3, 2006. (Doc. 72.)

³ Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 20, 2004. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 31.)

concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Ngo, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

In his third amended complaint, plaintiff alleges that he was being treated by Dr. John for a chronic skin condition, but the course of treatment prescribed was discontinued based on a memorandum authored by defendants Galaza and Bendon. (Doc. 22, ¶50.) Plaintiff alleges that as a result, his serious medical condition went untreated. (Id., ¶51.) Plaintiff alleges that in 1990, defendant Van Zant submitted compound, false, and unreliable information via memorandum for use in validating plaintiff as a gang associate in order to retaliate against plaintiff for filing legal documents and assisting other prisoners with legal work. (Id., ¶¶54-58.)

Defendants Galaza, Bendon, and Van Zant move for dismissal of the claims against them on the ground that plaintiff did not file inmate appeals grieving the claims against them. In support of their motion, defendants submit evidence that the appeals office at California State Prison-Corcoran has no record of any appeals submitted by plaintiff concerning the claims against defendants Galaza, Bendon, and Van Zant. (Doc. 73-3, Buckley Dec., ¶11.)

Plaintiff contends that his medical care claim was exhausted and submits a Director's Level decision for appeal log number 93-02496 as evidence. (Doc. 75, Exhibit D.) The appeal, which was denied on October 22, 1993, was initiated at Pelican Bay State Prison, and concerned plaintiff's skin condition. (Id., pg. 1.) Plaintiff sought evaluation and treatment by a dermatologist. (Id.)

3

Although the appeal issue and plaintiff's claim against defendants Galaza and Bendon may concern the same medical condition, plaintiff's claim in this action is that the course of treatment he was receiving for his skin condition at California State Prison-Corcoran (CSP-Corcoran) was discontinued by defendants. Plaintiff arrived at CSP-Corcoran in August of 2000. (Doc. 22, ¶43.) An appeal initiated at Pelican Bay State Prison in 1993 seeking evaluation by a dermatologist does not exhaust a claim arising at CSP-Corcoran in 2000 or sometime thereafter challenging the discontinuation of a course of treatment, even though the appeal issue and the claim in this action may involve the same underlying medical condition. The court finds that plaintiff did not exhaust his medical care claim against defendants Galaza and Bendon and shall recommend that the claim be dismissed, with prejudice.

Plaintiff contends that his claim against defendant Van Zant is exhausted and submits a Director's Level decision for appeal log number 90-3108 (COR) as evidence. (Doc. 75, Exhibit A.) The appeal was initiated at CSP-Corcoran and the issue identified in the decision, which was issued on October 1, 1990, is plaintiff's request for the removal of a confidential chrono dated January 18, 1990, from his central file. (Id., pg. 1.) Plaintiff's position in his appeal was that the confidential information authored by a staff member concerning his gang involvement was incorrect and was manufactured to keep him in the Security Housing Unit after the expiration of his determinate term. (Id.)

It appears that this appeal may concern the actions of defendant Van Zant. Plaintiff is not required to identify defendant Van Zant by name in the appeal in order to satisfy the exhaustion requirement. Butler v. Adams, 397 F.3d 1181, 1193 (9th Cir. 2005). However, plaintiff's claim in this action is that defendant Van Zant took adverse action against him in retaliation for the exercise of his rights under the First Amendment.[4] The appeal is devoid of any mention that false information was provided against plaintiff in retaliation for his litigation activities. For this reason, the court

///

---

[4] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

4

finds that plaintiff did not exhaust his retaliation claim against defendant Van Zant and shall recommend that the claim be dismissed, without prejudice.

### D. Conclusion

The court finds that plaintiff did not exhaust his claims against defendants Galaza, Bendon, and Van Zant, and recommends dismissal of the claims from this action, without prejudice. Because plaintiff's claim against defendant Van Zant is unexhausted, the court does not reach defendants' argument made pursuant to Rule 12(b)(6) that plaintiff's claim against defendant Van Zant is barred by the statute of limitations.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Rule 12(b) motion to dismiss, filed March 27, 2006, be GRANTED;
2. Plaintiff's claims against defendants Galaza, Bendon, and Van Zant be dismissed, without prejudice, based on plaintiff's failure to exhaust; and
3. Defendant Drew be directed to file a response to plaintiff's third amended complaint within thirty days from the date of service of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 22, 2006**          /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE