# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN CAMBRA, JR., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:02-cv-05646-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, AND PLAINTIFF BE GRANTED AN EXTENSION OF TIME TO FILE A NEW MOTION<br><br>(Doc. 92)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Randall E. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for summary judgment on November 15, 2007. On November 27, 2007, Defendant Drew ("Defendant") filed a motion to strike on the ground that Plaintiff's motion did not comply with Local Rule 56-260(a), which provides that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact." Plaintiff filed an opposition to the motion to strike on December 5, 2007.

Plaintiff's motion does not comply with Local Rule 56-206(a). The failure of the moving party to comply with the rule unnecessarily burdens the opposing party and the Court, and the Court recommends that Defendant's motion be granted. However, because Plaintiff is proceeding pro se,

the Court recommends that he given leave to file an amended motion, subject to the following limitations.

First, the Court has before it Defendant's motion for summary judgment and Plaintiff's opposition thereto. If after resolving Defendant's motion there remain triable issues of fact, this matter will be set for trial. Plaintiff is cautioned that if he decides to move for summary judgment, his burden is a high one. Submitting evidence sufficient to demonstrate the existence of a triable issue of fact is different than making a showing of entitlement of judgment as a matter of law. "When the moving party does *not* have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)) (emphasis added). "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Id. Thus, as to a motion for summary judgment filed by Plaintiff, Plaintiff must demonstrate there is no triable issue as to the matters alleged in his complaint. Id. This requires Plaintiff to establish beyond controversy every essential element of his claims. Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).

Second, Plaintiff's opposition to Defendant's motion for summary judgment is one-hundred fifty-four pages long, with the memorandum of points and authorities extending for fifty-two pages. Many of the exhibits relied upon by Plaintiff were already submitted by Defendant in support of his motion. The Court is disinclined to wade through a motion for summary judgment containing arguments already before it and exhibits already in the record. Should Plaintiff decide after careful consideration that he wishes to file a motion for summary judgment, Plaintiff should not support the motion with copies of exhibits already before the Court via Defendant's motion or Plaintiff's opposition to Defendant's motion.[1] Plaintiff need only cite to where the evidence is located in the

---

[1] As set forth in a separate order, Plaintiff will be permitted to supplement his opposition as necessary to incorporate evidence he will receive following the Court's order on his discovery motions.

2

record. Further, Plaintiff should focus his arguments. In light of fact Plaintiff has already filed a fifty-two page memorandum, the Court is disinclined to view favorably lengthy, unnecessary arguments. Should Plaintiff conclude that he is entitled to judgment as a matter of law rather than that there exist factual disputes necessitating a trial, Plaintiff would be well served to be succinct.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to strike, filed November 27, 2007, be GRANTED;

2. Plaintiff's motion for summary judgment, filed November 15, 2007, be STRICKEN; and

3. Plaintiff be granted an extension of time to file a motion for summary judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 27, 2008**          /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE