# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN CAMBRA, JR., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:02-cv-05646-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT REGARDING HIS ABILITY TO ACCESS HIS INMATE WITNESSES<br><br>(Docs. 113 and 115) |

Plaintiff Randall E. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 30, 2008, Plaintiff filed a motion for reconsideration of the Court's order denying his motion for an order allowing him to obtain inmate witness declarations. (Docs. 108, 113.) On May 15, 2008, Plaintiff notified the Court that his request to communicate with his inmate witnesses had been approved by prison officials but his transfer as a witness in a jury trial in this court was pending. (Doc. 115.) That jury trial has concluded and Plaintiff has now been transferred back to Pelican Bay State Prison.[1] (Doc. 118.) Plaintiff's ability to access his witnesses via permission granted by prison officials directly affects whether it is necessary for the Court to intervene in some capacity.

Intervention into this matter via court order imposes a burden on the resources of both the Court and the California Department of Corrections and Rehabilitation. Plaintiff seeks to obtain witness declarations. Assuming permission from prison officials can again be obtained, it is

---

[1] Judicial notice is taken of the proceedings in 1:04-cv-05595-DLB PC *Lopez v. Scribner, et al.*

1

1  undoubtedly less complicated and more efficient for the Court not to intervene. To that end, Plaintiff
2  shall file a status report notifying the Court whether he has permission to communicate with his
3  witnesses and will be allowed to obtain the declarations without the Court's intervention. If that is
4  the case, Plaintiff should notify the Court that his motion for reconsideration is moot. If counsel
5  believes she can be of assistance in this matter informally and is so willing, counsel is invited to do
6  so.

7  If Plaintiff notifies the Court that he is unable to establish communication without the Court's
8  intervention, the Court will issue a ruling on his motion for reconsideration as supplemented by the
9  status report.

10  Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff shall file
11  a status report regarding his ability to communicate with his inmate witnesses.

IT IS SO ORDERED.

**Dated:    August 21, 2008**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE