# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>             Plaintiff,<br><br>      v.<br><br>CAMBRA, et al.,<br><br>             Defendants.           / | CASE NO. 1:02-cv-05646-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 173) |

**I.    Order**

    **A.    Procedural History**

Plaintiff, Randall E. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2010, the Magistrate Judge issued Findings and Recommendations recommending that Defendant Drew's motion for summary judgment be granted and that Plaintiff's motion to strike be denied which was served on the parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. (Doc. 162.) Plaintiff requested and received a forty-five day extension of time, allowing him until January 11, 2011 to file his objections. (Docs. 163, 164.) On January 11, 2011, Plaintiff filed two separate documents identified as objections to the Findings and Recommendations -- one

/ / /

fifty-two pages long and the other thirty-nine pages long. (Docs. 165, 167.)[1] On March 8, 2011, the Magistrate Judge issued an order (hereinafter "the Striking Order") striking Plaintiff's multiple objections (Docs. 165, 167) and allowing Plaintiff thirty (30) days to file a single document containing his objections. (Doc. 169.) On May 13, 2011, Plaintiff filed a "Motion for Reconsideration of New Evidence"[2] wherein he requests the District Judge review the Striking Order. (Doc. 173.)

### B. Plaintiff's Motion for Reconsideration

In his motion, Plaintiff argues that his objections entered as Doc. 165 should not have been stricken since they contained new evidence which should be considered with his objections to the Findings and Recommendations. (*Id.*) While Plaintiff concedes that he should not have filed Doc. 167 and that it was appropriately stricken from the record, he argues that Doc. 165 should not have been struck as it did not raise new legal theories. (*Id.*, at p. 1.) Plaintiff further argues that since the Magistrate Judge cited *Greenlow v. Secretary of HHg*, 863 F.2d 633, 638-39 (9th Cir. 1986) his documents must have been struck from the record on the assumption that they presented new legal theories. (*Id.*)

### C. Standards for Reconsideration

The Federal Magistrates Act[3] provides the standards for review of Magistrate Judge orders by a District Judge. On nondispositive matters, a Magistrate Judge's order is reviewed to ascertain whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, n. 4 (9th Cir. 2010) (ref. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (9th Cir.

---

[1] It is noted that the document which was entered on the CM/ECF docket at 165 was apparently errantly entered twice – once as Doc. 165 and once as Doc. 166. However, on March 4, 2011, the Clerk entered a notice of docket correction to disregard Doc. 166 as duplicative of Doc. 165.

[2] Plaintiff's caption indicates that he is bringing this motion under "Fed.R.Civ.P. 72(b), ZB U.S. C. 636 (b)(1), and CR72-303(c)." The Court is unaware of any statute identified as "ZB U.S.C. 636(b)(1)" and presumes that Plaintiff intend to cite 28 U.S.C. 636(b)(1). Further, rather than a California regulation, the Court presumes that Plaintiff was attempting to cite to the Local Rules (L.R. 303(c)) on the role of Magistrate Judges and procedures for resolving general pretrial matters in criminal and civil actions, when he referenced "C.R. 72-303."

[3] The Federal Magistrates Act was codified at 28 U.S.C. §§ 604, 631-639 and 18 U.S.C. §§ 3060, 3401-3401 and was implemented by Fed. R. Civ. P. 72-75.

2

1990)); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "The district court reviews 'the magistrate's order for clear error.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Maisonville*, 902 F.2d at 748). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination. . . ." *Id.* (quoting *Merritt v. International Broth. Of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). A District Court's denial of reconsideration of a Magistrate Judge's nondispositive order is reviewed under that same standard. *Osband v. Wooford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (citing *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985). The decision as to whether a Magistrate Judge's decision was clearly erroneous or contrary to law is "well within the discretion of the district court." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (*ref. Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989)). Further, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241 (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988)). Accordingly, the Striking Order is subject to reconsideration only if it is clearly erroneous or contrary to law.

Courts are necessarily vested with control "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Orders such as the Striking Order fall well within the vested control of a trial court to control it's docket and to ensure efficient use of limited judicial resources. Such orders are not out of the ordinary for Magistrate Judges, or for that matter, District Judges, to issue.

Plaintiff apparently erroneously interpreted the Magistrate Judge's citing of *Greenlow v. Secretary of HHg*, 863 F.2d 633, 638-39 (9th Cir. 1986) to mean that the Magistrate Judge struck his objections because he was attempting to raise new legal theories. However, the Striking Order made no such findings. In fact, it rather specifically stated that no attempt had been made to distill and/or distinguish nuances of the stricken documents. The Striking Order did nothing more with the case citations than provide parameters to guide Plaintiff in drafting his subsequent,

1 single objecting document.

2     The Striking Order was neither clearly erroneous nor contrary to law.

3     Further, Plaintiff's motion to reconsider the Striking Order was untimely. "A party may serve and file objections to the [magistrate judge's nondispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also U.S. v. Albonce-Barrera*, 257 F.3d 959, 967 (9th Cir. 2001); L.R. 303(b). The Striking Order issued on March 8, 2011. (Doc. 169.) Thus, to be timely, Plaintiff should have given his motion for reconsideration to prison staff for mailing[4] no later than March 22, 2011. However, Plaintiff dated his signature on his motion for reconsideration May 16, 2011, and his proof of service thereof is dated May 9, 2011. (Doc. 173.) Without addressing the obvious discrepancies (one cannot sign a document seven days after it has been mailed), neither of the dates on Plaintiff's motion for reconsideration show compliance with the required fourteen (14) day filing time limit. Fed. R. Civ. P. 72(a); L.R.303(b).

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(A) this Court has reviewed Plaintiff's motion for reconsideration and finds both that the Striking Order was neither clearly erroneous, nor contrary to law and that Plaintiff's motion is untimely.

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed May 13, 2011 (Doc. 173), is DENIED.

IT IS SO ORDERED.

Dated:    June 6, 2011                                /s/ [signature]
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[4] With respect to the timeliness of a notice of appeal filed by a prisoner pro se litigant, the notice is deemed filed on the date the prisoner "delivered the notice to prison authorities for forwarding to the District Court." *Houston v. Lack*, 487 U.S. 266, 270 (1988).